UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

ARIUS HOPKINS,

                        Movant,

                                                    23-CV-10667 (LAK)

          -against-

                                                      [17-CR-791 (LAK)]

United States of America,

                        Respondent.

------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        On December 5, 2023, the Court received an unsigned motion seeking to vacate, set aside, or correct Movant's sentence in *United States v. Melendez*, ECF 1:17-CR-0791-04, 225 (S.D.N.Y. Nov. 9, 2020), pursuant to 28 U.S.C. § 2255. Dkt 298.[1] On December 11, 2023, the Court ordered Movant "to resubmit the signature page of the motion with an original signature to the court within thirty days of the date of this order." Dkt 299. Rather than resubmit a properly signed signature page, Movant instead wrote a letter to the Clerk's Office seeking to clarify whether the Court had received "a filed copy of the § 2255 and Memorandum of Law [he] filed; yet not [to] be confused with a separate § 2255 that you have received with no signature." Dkt 301. According to Movant, the unsigned 2255 motion was sent by his attorney and did not include "the [g]rounds [Movant] wanted in the motion." Dkt 301. Movant further stated that he "put together a [different] § 2255 and Memorandum of Law that asserted the issues/grounds [he] wanted and [he] signed [and] dated all of that . . . and handed it to [prison] staff on Sunday[,] December 3, 2023." Dkt 301. Thus, Movant concluded, the Court's December 11 order was "unnecessary." Dkt 301.

        The Court has not received the signed 2255 motion or the memorandum of law in support of that motion that Movant claims to have signed and mailed on December 3, 2023. The Court notes, moreover, that the facts and circumstances cast significant doubt on Movant's account that the unsigned but received 2255 motion (Dkt 298) was filed without Movant's assent and that Movant signed and mailed a separate 2255 motion on December 3, 2023. First, it seems likely that Movant and not his attorney drafted the unsigned 2255 motion. The motion is written in the first person, appears to have been drafted by a lay person rather than an attorney, and lacks an attorney's

---

[1] Unless otherwise noted, all Dkt references are to the docket in 17-cr-0791.

signature. Dkt 298. More fundamentally, the motion's claim that Movant's trial counsel was ineffective is inconsistent with it having been written by Movant's counsel, because Movant's trial counsel continued to represent Movant until he withdrew on January 10, 2024, after the unsigned motion was filed and as a direct result of the unsigned motion's ineffective assistance of counsel claim. Dkt 300. Casting further doubt on Movant's account is the fact that Movant's now-former attorney, in moving to withdraw, stated that he had spoken to Movant by phone and that Movant had informed him that Movant had signed and mailed "papers to the Court in *compliance* with your December 11, 2023 Order." Dkt 300 (emphasis added).

Despite these significant doubts as to the veracity of Movant's account, the Court does not now definitively conclude that Movant did not sign and mail a 2255 motion as he claims. Accordingly, Movant is directed to submit the 2255 motion and memorandum he claims to have signed previously and mailed to the Court. He shall do so within fourteen days of the date of this order.

SO ORDERED.

Dated: February 7, 2024

_____
Lewis A. Kaplan
United States District Judge