AO 243 (Rev. 01/15)

# MEMO ENDORSED

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/24

Copies mailed to defendant

| United States District Court | District |
|---|---|
| Name (under which you were convicted): Arius Hopkins | Docket or Case No.: 17CR791 |
| Place of Confinement: USP-Lee, P.O. Box 305, Jonesville, VA 24263 | Prisoner No.: 79689-054 |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
| V. | ARIUS HOPKINS |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   SOUTHERN DISTRICT OF NEW YORK

   (b) Criminal docket or case number (if you know): 17CR791

2. (a) Date of the judgment of conviction (if you know): 12/17/2019
   (b) Date of sentencing: 11/09/2020

3. Length of sentence: LIFE

4. Nature of crime (all counts): Count One-Murder w/Firearm 18 U.S.C. §924(j);
   Count Two-Murder while engaged Narco. Consp. 21 U.S.C. §848(e);
   Convicted of Counts One & Two only;
   Count Three-Consp. Murder for Hire 18 U.S.C. §1958

5. (a) What was your plea? (Check one)
   (1) Not guilty [X]    (2) Guilty [ ]    (3) Nolo contendere (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury [X]    Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes [X]    No [ ]

8. Did you appeal from the judgment of conviction?    Yes [X]    No [ ]

Memorandum Endorsement                    Hopkins v. United States, 23-cv-10667 [17-cr-791] (LAK)

On December 17, 2019, a jury convicted Arius Hopkins ("Movant") on counts of: (1) murder through use of a firearm, in violation of 18 U.S.C. § 924(j); and (2) murder while engaged in a narcotics conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A).[1] The Court sentenced Movant to life imprisonment on each count on October 21, 2020, with the terms to be served concurrently and to be followed by a term of supervised release of five years. Both convictions were affirmed on June 6, 2022 by summary order.[2] Movant's petition for *certiorari* was denied on December 5, 2022.

On December 5, 2023, the Court received an unsigned motion seeking to vacate, set aside, or correct Movant's sentence pursuant to 28 U.S.C. § 2255.[3] On December 11, 2023, the Court ordered Movant to resubmit a duly executed signature page for the motion within 30 days.[4] Rather than follow the Court's instructions, however, Movant instead wrote a letter arguing that the December 5 motion had been submitted erroneously by his counsel without Movant's consent, which Movant had not given because the motion did not include "the [g]rounds [Movant] wanted in the motion." He further claimed that he had "put together a [different] § 2255 and Memorandum of Law that asserted the issues/grounds [he] wanted . . . and handed it to [prison] staff on Sunday[,] December 3, 2023."[5] The Court never received Movant's alleged December 3 petition.

On February 7, 2024, the Court ordered Movant to submit his alleged December 3, 2023 § 2255 motion within 14 days.[6] Defendant requested a two week extension due to unworkable prison conditions on February 18, 2024,[7] which the Court granted on March 5, 2024.[8] Finally, Movant filed what he represents is a copy of his December 3, 2023 motion with the Court — this supposed resubmission was dated March 5, 2024 and was received by the Court on April 2, 2024.[9] The government filed its opposition

---

[1] Dkt 162 (Trial Tr.) at 1347:1-18.

Unless otherwise noted, all Dkt references are to the docket in 17-cr-0791.

[2] *United States v. Hopkins*, No. 20-3825, 2022 WL 1923033 (2d Cir. June 6, 2022).

[3] *See generally* Dkt 298 (Dec. 5 Mot.).

[4] Dkt 299.

[5] Dkt 301 (Def. Letter) at 1.

[6] Dkt 302.

[7] No. 23-cv-10667, Dkt 6.

[8] No. 23-cv-10667, Dkt 7.

[9] Dkt 307 (Mar. 5 Mot.) at 24-25.

2

to the motion on July 1, 2024.[10] Movant did not file a timely reply.[11]

As an initial matter, Movant's alleged December 3 § 2255 motion is untimely. The Court simply does not credit his claims that the alleged December 3 motion even existed on or about December 3, 2023, or was given to prison staff for mailing.[12] First and foremost, the Court never has received the alleged § 2255 motion or the memorandum of law in support of that motion that Movant claims to have signed and mailed on December 3, 2023. What Movant submitted on March 5, 2024 was an alleged copy of a motion dated December 3, 2023, but not the original mailing itself. Moreover, it remains clear from the text of the December 5 motion that Movant and not his attorney drafted the motion, as it is written in the first person, appears to have been drafted by a lay person rather than an attorney, and lacks an attorney's signature.[13] In addition, the December 5 motion's ineffective assistance of counsel claims are inconsistent with it having been written by Movant's counsel, who continued to represent Movant until withdrawing on January 10, 2024 due to the unsigned motion's ineffectiveness claims.[14] Finally, in moving to withdraw, Movant's former attorney indirectly corroborated Movant's authorship of the December 5 motion when he stated that "in *his* motion, *he* [Movant] requests assignment of new CJA counsel to assist him further" — showing that

---

[10] *See* Dkt 318 (Gov. Opp.).

[11] Movant's initial reply date was set for July 31, 2024. Dkt 319. On July 29, 2024 — two days before the deadline — Movant requested a 30-45 day extension, claiming that he had been severely beaten. Dkt 323. The Court extended his time to respond until September 27, 2024. Dkt 324. On September 15, 2024, Movant wrote again to request an extension of time to file his reply brief, this time alleging that he was about to be moved to a different prison and needed more time to prepare his filing. Dkt 326. The Court denies this second request for an extension (Dkt 326). Movant already has been granted one extension, which resulted in more than two-and-a-half months to file a reply brief with the Court, yet he still has failed to do so. This was in addition to the multiple extensions that the Court granted Movant to file his initial § 2255 motion. Moreover, Movant's request was not timely, made towards the end of his reply period and merely one day before he expected to be transferred between prisons. *See* Dkt 326 at 2. And in any event, the circumstances do not merit an extension — transfers between prisons are routine events that prisoners regularly plan around.

[12] Dkt 302 at 1-2.

[13] *See generally* Dkt 298 (Dec. 5 Mot.).

For example, the December 5 motion repeatedly refers to Movant's trial as "my trial." On page 10, the motion states that "*I* have not presented either Ground 1 or Ground 2 previously . . . . *I* was working with my original lawyer and did not pursue any grounds related to his ineffective assistance because *he told me* that those claims could not be pursued on direct appeal." And in its request for relief, the motion's author states that "*I* also ask this Court to appoint a new attorney for me *so that I can be represented for proceedings/filings related to 28 U.S.C. Section 2255*. I had CJA representation in my criminal case/appeal." *Id.* at 13 (all emphases added.)

[14] Dkt 300.

the motion's use of third-person reflected drafting by Movant rather than his attorney.[15]

Given this evidence, the Court finds that Movant, not his attorney, was the author of the unsigned § 2255 motion filed on December 5, 2023.[16] Thus, Movant's attempt to claim that he instead had drafted a *different*, signed § 2255 motion two days prior — which inexplicably never made it to the Court — is not believable. Instead, the most likely explanation is that Movant sought to expand his initial filing and explain his lack of signature by filing a new motion. However, because the strict one-year time limit for filing a motion under 25 U.S.C. § 2255 expired on December 5, 2023, Movant's petition — which first was filed with the Court on March 5, 2024 — is now untimely. Accordingly, the motion is denied on that ground.

Nonetheless, even if the motion to vacate his conviction were timely, Movant's claims would be denied on their merits as well. Movant contends that his counsel was ineffective for (1) failing to object to the government's vouching for witness credibility during closing arguments; (2) failing to object to redactions in his transcribed testimony when it was provided to the jury during its deliberations; and (3) failing to impeach Alexander Melendez as a witness with prior inconsistent testimony or by calling the "case agents" who interviewed him to the stand.[17] These claims are meritless for all of the reasons stated in the government's opposition.[18] In particular, and without limiting the preceding sentences:

1. Despite Movant's assertions, his counsel in fact *did* object during the government's closing arguments after the government first portrayed Movant as a liar.[19] When that objection was overruled and the government continued making similar statements, defense counsel was not ineffective for failing to raise the objection again.[20] And, in any event, the government's statements did not constitute improper vouching. The government did not induce the jury to trust the government's judgment over its own, or imply the existence of some evidence not properly before it that would affect Movant's credibility, but rather portrayed Movant as a liar by pointing directly to his testimony and his demeanor on the stand, all of which was permissible.[21]

---

[15] *Id.* (emphasis added).

[16] Dkt 298 (Dec. 5 Mot.). Because the December 5 motion was unsigned, and because Movant failed to correct the lack of signature within 30 days as directed by the Court under Rule 11(a) of the Federal Rules of Civil Procedure, Dkt 299, that motion is not properly before the Court.

[17] Dkt 307 (Mar. 5 Mot.) at 5-7.

[18] *See* Dkt 318 (Gov. Opp.) at 9-18.

[19] See *id.* at 9 (citing Trial Tr. at 1156); Dkt 307 (Mar. 5 Mot.) at 16.

[20] Dkt 318 (Gov. Opp.) at 10.

[21] *See, e.g., United States v. Williams*, 690 F.3d 70, 76 (2d Cir. 2012); *United States v. Rivera*, 22 F.3d 430, 438 (2d Cir. 1994) (permitting characterization of a witness as truthful based on her demeanor); *United States v. Peterson*, 808 F.2d 969, 977 (2d Cir. 1987) (permitting characterization

2.  When the jury requested a transcript of Movant's cross-examination, the parties prepared a version which redacted only objections, stricken testimony, and one instance where the Court gave Movant direction.[22] These parts of the transcript were not evidence and thus were properly redacted. Movant's counsel was not ineffective for failing to object to their redaction. Regardless, the Court did not abuse its discretion in allowing Movant's cross-examination testimony to be provided to the jury in redacted form.[23]

3.  Defense counsel's decision not to impeach Melendez with inconsistent proffer statements that he had made — or by calling the case agents that he had made them to — was a strategic choice that was entrusted to the judgment of the lawyer and will not be second-guessed by the courts unless there is no justification for the course taken.[24] Melendez was cross-examined at length by both Movant's counsel and counsel for his co-defendant. It is reasonable that they may have wanted to devote their time to other matters rather than on Melendez's inability to remember some of his proffer statements. Moreover, Movant does not identify for the Court any specific inconsistencies in Melendez's prior statements that would make them material to the core issues in the case — without more, the Court declines to take the extraordinary step of questioning defense counsel's strategic decisions at trial.

4.  In any case, there has been no showing of prejudice, an essential prerequisite to relief even if counsel had been ineffective.

Accordingly, Hopkins' § 2255 motion (No. 17-cr-791, Dkt 307; No. 23-cv-10667, Dkt 8) is denied as untimely and on the merits. The Court certifies under 28 U.S.C. § 1915 that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal.[25]

SO ORDERED.

Dated:   October 1, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[22] of defendant as a liar); *United States v. Coriaty*, 300 F.3d 244, 255 (2d Cir. 2002).

[23] *See* Dkt 162 (Trial Tr.) at 1338:8-1339:24.

[24] *United States v. Damsky*, 740 F.2d 134, 138 (2d Cir. 1984).

[25] *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998); *see also United States v. Eisen*, 974 F.2d 246, 265 (2d Cir. 1992).

*Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).